UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER JIGGETTS,

            Plaintiff,

-against-

STATE OF MARYLAND

            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/9/2023

17-CV-6008 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

    By order dated September 21, 2017, the Court transferred this action to the United States District Court for the District of Maryland. (ECF 2.) The action concerned Plaintiff Alexander Jiggetts's challenge to his Maryland conviction. (ECF 1.) The District of Maryland dismissed the action because Jiggetts cannot "challenge the validity of his criminal case through a civil suit for damages." *Jiggetts v. Maryland*, No. 17-CV-2977 (JKB) (Doc. No. 5 at 2) (D. Md. Oct. 17, 2017).

    The Court is now in receipt of a motion to seal the action filed here. (ECF 3.) Because the Court does not have jurisdiction to rule on this motion, the Court denies the motion.

## DISCUSSION

    The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Here, Jiggetts waited over five years to file his motion, and therefore, this Court does not have jurisdiction to consider the motion. Should Plaintiff seek to seal the action here, he must

move in the District of Maryland and request that the District of Maryland transfer the action back to this District, for this Court to consider the motion.[1]

## CONCLUSION

The Court denies Plaintiff's motion to seal for want of jurisdiction. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March, 9, 2023
      New York, New York

                                                COLLEEN McMAHON
                                                United States District Judge

---

[1] Some transferor courts affirmatively state "that any future submissions should be filed in the transferee court." *Raghubir v. Cogan*, No. 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022).